IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAPAT NABAYA, <br> BOP Register No. 90804-083, <br> Plaintiff, <br> V. <br> K. ZOOK, Warden, <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 3:21-cv-438-X-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Shapat Nabaya, also known as Norman Abbott, a federal prisoner incarcerated at FCI Seagoville, has returned to this Court *pro se*, this time requesting that the Court "grant his emergency civil claim/BP 11." Dkt. No. 3 at 1 ("Petitioner is being confined to the Seagoville FCI in violation of the U.S. Constitution. Petitioner has proven with Court transcripts and the lack of a statement of claim from the victim in his case that he is unlawfully incarcerated. The defendant, Zook, K. Warden has not disputed these facts."); *see id.* at 4-5 (demanding a jury trial, immediate release, and $10 million in damages).

United States District Judge Brantley Starr referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these finding of fact, conclusions of law, and recommendation that the Court should dismiss the civil rights claims with prejudice and dismiss the habeas claims for lack of jurisdiction, opening and closing a new

action to statistically account for those claims.

## Applicable Background

> [Nabaya] is a serial filer with a history of bringing meritless cases ... against public officials. *See, e.g., United States v. Nabaya*, No. 3:14-cv-835 (HEH), 2015 WL 300499 (E.D. Va. Jan. 22, 2015); *Nabaya v. Dudeck*, 38 F. Supp. 3d 86 (D.D.C. 2014); *Abbott v. Trant*, No. 09-cv-2337, 2009 WL 4899214 (D.D.C. Dec. 9, 2009). In January 2015, based on Nabaya's "historically meritless" litigation against the IRS, a federal judge in the Eastern District of Virginia permanently enjoined him from filing tax lawsuits in any federal court without first seeking leave to do so. *See Nabaya*, 2015 WL 300499, at *1, *3.
> 
> While there are, unfortunately, some people like Nabaya who abuse our country's legal system in this way, he has earned the unusual distinction of being convicted for it[, as ]Nabaya was indicted in the Eastern District of Virginia for his "*pro se* legal crusade" against an IRS Revenue Officer known as Wally Stark, in the course of which he filed multiple vexatious and harassing lawsuits against Stark in state and federal court.

*Nabaya v. Aber*, Civ. A. No. 17-440 (TJK), 2018 WL 1583311, at *1 (D.D.C. Mar. 31, 2018) (citation omitted).

He now stands "convicted following a jury trial of retaliating against a federal officer by false claim, 18 U.S.C. § 1521 (2012), and false statement in bankruptcy, 18 U.S.C. § 152(3) (2012)," for which "[t]he district court imposed an upward variance sentence of 71 months' imprisonment on the § 1521 offense and 60 months on the § 152 offense, to run concurrently." *United States v. Nabaya*, 765 F. App'x 895, 897 (4th Cir. 2019) (per curiam); *see also United States v. Nabaya*, No. 3:17-cr-003 (E.D. Va.). And the United States Court of Appeals for the Fourth Circuit has affirmed the judgments against him. *See Nabaya*, 765 F. App'x at 897.

## Legal Standards and Analysis

First, Nabaya seeks, through this case, release from custody and monetary

damages. He therefore appears to combine in one action habeas and civil rights claims.

"In instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under [42 U.S.C.] § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987); *see Perry v. Barr*, Civ. A. No. 4:19-1302, 2019 WL 6255330, at *4 (S.D. Tex. Nov. 22, 2019) (applying *Serio* where habeas claims were combined with claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), that a federal official committed constitutional violations).

The claims as alleged here may be separated. And the undersigned will address them in turn.

As to Nabaya's claims against Warden Zook under *Bivens* – that Zook has incarcerated him in violation of the United States Constitution, entitling Nabaya to damages – the United States Supreme Court has held that *Bivens*, unlike Section 1983, is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017) ("Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to *Bivens*, Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government.").

The Supreme Court "has approved of an implied damages remedy under the Constitution itself" only three times – in *Bivens*, to enforce "a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures" in violation of the Fourth Amendment; in *Davis v. Passman*, 442 U.S. 228 (1979), holding "that the Fifth Amendment Due Process Clause gave [a Congressman's administrative assistant] a damages remedy for gender discrimination"; and in *Carlson v. Green*, 446 U.S. 14 (1980), holding "that the Eighth Amendment Cruel and Unusual Punishments Clause gave [a prisoner] a damages remedy for failure to provide adequate medical treatment." *Abbasi*, 137 S. Ct. at 1854-55.

In *Abbasi*, the Supreme Court further "stressed that any extension of *Bivens* to new factual scenarios is now a '"disfavored" judicial activity.'" *Maria S. ex rel. EHF v. Garza*, 912 F.3d 778, 783 (5th Cir. 2019) (quoting *Abbasi*, 137 S. Ct. at 1857 (quoting, in turn, *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009))); *see also Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) ("*Bivens* was the product of an '*ancien regime*' that freely implied rights of action. That regime ended long ago. Today, *Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area…." (citations omitted)).

So, as to whether Nabaya may assert claims against Zook for alleged constitutional violations, the Court should consider the "two part inquiry for determining whether to allow a *Bivens* cause of action: (1) whether the instant case involves a 'new context' that is distinct from prior *Bivens* cases and (2) whether any

'special factors' preclude extending *Bivens* to this 'new context.'" *Maria S.*, 912 F.3d at 784 (quoting *Hernandez v. Mesa*, 885 F.3d 811, 816-18 (5th Cir. 2018) (en banc)); *accord Oliva*, 2020 WL 5227472, at *2 ("Courts confronting *Bivens* claims generally 'must ask two questions. First, do [the plaintiff's] claims fall into one of the three existing *Bivens* actions? Second, if not, should we recognize a new *Bivens* action here?'" (quoting *Cantú v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019))).

> "The proper test for determining whether a case presents a new *Bivens* context is" whether it is "different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Ziglar*, 137 S. Ct. at 1859. A meaningful difference may include the Constitutional right at issue, the statutory or other legal mandate under which the officer was operating, or the presence of potential special factors that previous *Bivens* cases did not consider. *Id.* at 1860. "[E]ven a modest extension is still an extension." *Id.* at 1864.

*Canada v. United States*, 950 F.3d 299, 307 (5th Cir. 2020) (In sum, "the proper test is whether the case differs in a meaningful way from *Bivens*, *Davis*, or *Carlson*." (citing *Abbasi*, 137 S. Ct. at 1859; *Loumiet v. United States*, 948 F.3d 376, 381-82 (D.C. Cir. 2020))).

Nabaya's alleging that Zook has wrongfully incarcerated him is a new *Bivens* context. And the administration of the federal prison system qualifies as a special factor that should prevent the Court's creating an implied cause of action under *Bivens* for the contexts presented by this case. *See Petzold v. Rostollan*, 946 F.3d 242, 248 n.2 (5th Cir. 2019) ("[W]e are unlikely to imply a *Bivens* remedy for this new context as 'special factors' counsel hesitation in federal prison administration." (citing *Abbasi*, 137 S. Ct. at 1857-58 ("[T]he [special factors] inquiry [ ] concentrate[s] on whether the Judiciary is well suited ... [to] weigh the costs and benefits of allowing a

damages action....")))); *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020) ("'[L]egislative action suggesting that Congress does not want a damages remedy' counsels against judicial do-it-yourself projects. Congress paid close attention to inmate constitutional claims when it enacted the Prison Litigation Reform Act of 1995. 42 U.S.C. § 1997e. The Act 'does not provide for a standalone damages remedy against federal jailers.'" (quoting *Abbasi*, 137 S. Ct. at 1865)).

For these reasons, Nabaya's claims against Zook should be dismissed with prejudice.

Next, since Nabaya was not convicted – but is incarcerated – in this judicial district, he may bring his habeas claims challenging his conviction in this Court only under 28 U.S.C. § 2241.

> A § 2241 petition and a [28 U.S.C.] § 2255 motion "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is the primary mechanism for collaterally attacking a federal sentence, and a § 2255 motion must be filed with the sentencing court. *Id.* "A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). A prisoner challenging the validity of his conviction ordinarily must do so under § 2255 and may proceed under § 2241 only if he shows that his § 2255 remedy was inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).

*Lewis v. McConnell*, 783 F. App'x 442, 442 (5th Cir. 2019) (per curiam) (citation modified); *see also Robinson v. United States*, 812 F.3d 476, 476-77 (5th Cir. 2016) (per curiam) ("A petition filed under § 2241 that raises errors that occurred at or prior to sentencing should be construed as a § 2255 motion. [*Tolliver*, 211 F.3d] at 877-78. However, under the savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the

remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).").

Nabaya fails to show why the challenges he now makes under Section 2241 in this district, even if considered successive, cannot be made under Section 2255 in the district where he was convicted and sentenced. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001) ("[A]s [28 U.S.C. § 2255(h)(2)] speaks only to intervening Supreme Court decisions based on constitutional grounds, the provision does not provide any avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute." (citations omitted))[1]; *see, e.g.*, *Karr v. Kallis*, No. 19-cv-1037-JES, 2019 WL 3416653, at *3 (C.D. Ill. July 9, 2019) ("The savings clause is restricted to cases of statutory interpretation because appropriate cases of constitutional interpretation can be brought in second or successive § 2255 motions under § 2255(h)(2)."); *see also Brown v. Caraway*, 719 F.3d 583, 597 (7th Cir. 2013) ("A motion under § 2255 could reasonably be thought 'inadequate or ineffective to test the legality of [the prisoner's] detention' if a class of argument were categorically excluded, but when an argument is permissible but fails on the merits there is no problem with the adequacy of § 2255.").

As established in *Reyes-Requena*, to successfully invoke the savings clause in

---

[1] *Cf. Beras v. Johnson*, 978 F.3d 246, 253-64 (5th Cir. 2020) (Oldham, J., concurring) (recognizing "that *Reyes-Requena* is [the United States Court of Appeals for the Fifth Circuit's] canonical statement on the meaning of 28 U.S.C. § 2255(h)" but urging that, because the decision wrongly "created a contra-textual exception to the limitations Congress imposed on federal habeas corpus," it should be overruled in an appropriate case by the en banc Fifth Circuit).

this circuit, a petitioner "must show that his claims are 'based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense' and were 'foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion.'" *Robinson*, 812 F.3d at 477 (quoting *Reyes-Requena*, 243 F.3d at 904; citing *Jeffers*, 253 F.3d at 830-31). But Nabaya fails to identify a retroactively applicable Supreme Court decision.

And, absent the savings clause, the Court is without jurisdiction to consider Section 2241 claims attacking Nabaya's underlying conviction and sentence. *See, e.g.*, *Carter v. Blackmon*, 732 F. App'x 268, 270 (5th Cir. 2018) (per curiam) ("Although the district court did not address its jurisdiction under the savings clause, we are required to examine it. Carter has failed to show that he was actually innocent of the crime of conviction, and he is not entitled to use the savings clause of § 2255 to challenge his sentence by petitioning under § 2241. Because Carter failed to meet the savings-clause standard and was convicted and sentenced in the Eastern District of Missouri, the district court for the Southern District of Mississippi lacked jurisdiction to consider his *Johnson* and *Mathis* claims." (citations omitted)).

**Recommendation**

The Court should dismiss Plaintiff Shapat Nabaya's civil rights claims with prejudice and dismiss his habeas claims for lack of jurisdiction. As to the latter claims, the Court should, for statistical purposes, direct the Clerk to open a new 28 U.S.C. § 2241 habeas action (NOS 530) directly assigned to Judge Starr and the

undersigned and to close the same on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 4, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE